IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENTE VALLADOLID, | § | |
| AUDELIA VALLADOLID, and | § | |
| BORMIO INVESTMENTS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-0965-K |
| | § | |
| US BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR CITIGROUP | § | |
| MORTGAGE LOAN TRUST 2007- | § | |
| WFHE4, ASSET-BACKED PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2007-WFHE4, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's (1) Motion for Summary Judgment (Doc. No. 8) and (2) Motion to Strike Plaintiffs' Summary Judgment Evidence (Doc. No. 15). The Court deems Plaintiffs' response to the summary judgment motion to be timely filed on December 19, 2013. After careful consideration of the summary judgment motion, response, reply, appendix, and applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment. Defendant's Motion to Strike is **DENIED as moot**.

I.   **Factual and Procedural Background**

On April 25, 2007, Plaintiffs Vincente Valladolid and Audelia Valladolid ("the Valladolids") refinanced their home, located at 2632 Glenmore Dr., Mesquite, Texas

("Home"), with Wells Fargo Bank, N.A. ("Wells Fargo"), for $88,000.00 ("Loan"). At the closing, the Valladolids executed (1) a Texas Home Equity Note ("Note"), (2) a Texas Home Equity Security Instrument ("Security Instrument"), and (3) a Texas Home Equity Affidavit and Agreement ("Affidavit and Agreement"). The Note is currently held by Defendant US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4, Asset Backed Pass-Through Certificates, Series 2007-WFHE4 ("Defendant"); Wells Fargo assigned both the Note and Security Instrument to US Bank.

After the Valladolids allegedly defaulted on their Loan, Defendant filed an application in state court, on August 10, 2012, for an expedited order allowing foreclosure of the lien on the Home. On September 8, 2012, the Valladolids conveyed title of the Home to Plaintiff Bormio Investments, Inc. ("Bormio"), and also sold to Bormio any claims and causes of action that might arise out of circumstances in obtaining the Loan. On November 30, 2012, the state court entered a Default Home Equity Foreclosure Order ("Foreclosure Order"), permitting Defendant to proceed with foreclosure of its lien. Before Defendant was set to foreclose, Plaintiffs filed this lawsuit against Defendant on January 31, 2013, in state court. Defendant then removed the case to this Court on March 5, 2013.

On October 17, 2013, Defendant filed its motion for summary judgment that is currently before the Court. Plaintiffs' response to the motion was due November 7, 2013; however, no response was filed. After several attempts to contact counsel, the

Court issued an order directing Plaintiffs to file a response no later than December 15, 2013. In complete disregard of the Court's order, Plaintiffs again did not file a response. In a final directive to Plaintiffs, the Court informed counsel he was to file a response by December 20, 2013; Plaintiffs filed their response on December 19th. Defendant filed its reply on January 2, 2014.

II.     Applicable Law

   A.     Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc..*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must show a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this

burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

### B.  Statute of Limitations

In their Original Petition, Plaintiffs claim the Loan violated the Texas Constitution. First, Plaintiffs claim the Loan amount exceeded eighty (80) percent of the fair market value of the House. *See* TEX. CONST. ART. XVI § 50(a)(6)(B). Plaintiff also contend they were charged fees which exceeded three (3) percent of the Loan amount. *See id.* at § 50(a)(6)(E). In its motion for summary judgment, Defendant argues Plaintiffs' constitutional claims are barred by the statute of limitations. Citing binding precedent from the Fifth Circuit, Defendant contends the law is clear that a four year statute of limitations applies to Plaintiffs' constitutional claims, and the period runs from the date on which the loan at issue was closed. *See Priester v. JP Morgan Chase Bank,*

*N.A.*, 708 F.3d 667 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 196 (2013).  Plaintiffs respond that the "constitutional provisions invoked by Plaintiffs do not specify a limitations period." *See* Pls. Resp. (Doc. No. 14) at p. 3.  Plaintiffs go on to argue that no Texas Supreme Court case addresses the applicable statute of limitations for these claims, and the Fifth Circuit does nothing more than make an "*Erie* guess" in holding that the limitations period is four (4) years.

In *Priester,* the Fifth Circuit addressed whether a limitations period applied to the plaintiffs' claims that the defendants violated Section 50(a)(6)(M),(N) of the Texas Constitution in relation to their home equity loan. *See Priester*, 708 F.3d 667 (5th Cir. 2013).  The Fifth Circuit noted that the Texas Constitution does not set forth a limitations period for claims under Section 50(a)(6). *Id.* at 673.  But, the Fifth Circuit also recognized that Texas Civil Practice and Remedies Code Section 16.051 provides that when there is no express limitations period for an action, it "'must be brought not later than four years after the day the cause of action accrues.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 16.051).  Although not yet addressed by the Texas Supreme Court, the Fifth Circuit identified two Texas intermediate appellate courts which specifically held the residual four year limitations period applies to these constitutional claims.  *Id.* (citing *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App.—Dallas 2008, no pet.) and *Schanzle v. JPMC Speciality Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *4 (Tex.App.—Austin Mar. 11, 2011, no writ)).  Finding it noteworthy, the Fifth Circuit also recognized that it had previously affirmed

a district court judgment which applied the four-year statute of limitations to the plaintiff's Section 50(a)(6) claims. *Id.* at 674 ("[W]e affirmed a judgment that limitations applies to claims under Section 50(a)(6). In a two-sentence opinion, we said that we had 'determined that the judgment of the district court should be affirmed for essentially the same reasons set forth by the district court.' (Citation omitted.) The opinion we affirmed had applied the four-year statute of limitations."). The Fifth Circuit concluded that the four-year statute of limitations period applied to the plaintiff's Section 50(a)(6)(M),(N) claims. In accordance with the Texas courts which addressed the issue, the Fifth Circuit also concluded that these Section 50(a)(6) claims accrue at the closing of the lien. *Id.* at 675. The Fifth Circuit has since reaffirmed its holding in *Priester*, and has specifically extended its holding to actions brought under subsections (B) and (E), which are at issue here. *See Moran v. Ocwen Loan Servicing, L.L.C.*, — Fed. Appx. —, 2014 WL 1193510, *1-2 (5th Cir. Mar. 24, 2014)(reaffirming holding in *Priester*); *Wiltse v. Carrington Mortg. Servs., L.L.C.*, 540 Fed. Appx. 342, 2013 WL 5289063, *1 (5th Cir. Sept. 20, 2013)(plaintiff's argument that residual limitations period did not apply to claims made under §§ 50(a)(6)(B), (E) "was foreclosed by [the Court's] holding in *Priester*.").

Plaintiffs argue that *Priester* should not apply because the Fifth Circuit made an "*Erie* guess" in its conclusion and it is incorrect, and the Texas Constitution "declares on its face that no limitations period applies to challenges to phony liens." Plaintiffs are correct in that the Texas Constitution does not set forth a limitations period for these

types of claims involving liens. However, the Fifth Circuit ruled that the four-year residual limitations period does apply, and it accrues from the date the loan was closed. *Id.* at 673-75. This Court must follow the binding precedent of the Fifth Circuit. Merely because Plaintiffs do not agree with the Fifth Circuit's holding or analysis does not relieve this Court from its duty to follow binding authority. *See also Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 645 (5th Cir. 1999)(affirming district court which relied on binding Fifth Circuit precedent in concluding the applicable limitations period). Furthermore, the Fifth Circuit rejected this same argument that *Priester* does not control because it is incorrect, and rejected a motion to certify the question. *Moran*, — Fed. Appx. —, 2014 WL 11193510, at *2 (there has been no change in the law to warrant the court revisiting their decision in *Priester*, and because that case controls, certification is not appropriate.).

In this case, it is undisputed that Plaintiffs' Loan was closed on April 25, 2007, the date from which accrual began. Applying the four-year statute of limitations, the period for Plaintiffs to file their claims expired on April 25, 2011. Plaintiffs filed this suit on January 31, 2013, almost two years past the limitations period. Therefore, Plaintiffs' claims are time barred, and summary judgment is granted.

III.    **Conclusion**

Plaintiffs' claims are subject to a four-year statute of limitations that began to accrue on April 25, 2007, the date the Loan was closed. Plaintiffs filed this suit on January 31, 2013, almost two years after the limitations period expired; thus, their

claims are time barred. Summary judgment is granted and Plaintiffs' claims are dismissed with prejudice. Defendant's motion to strike is denied as moot.

**SO ORDERED.**

Signed April 1st, 2014.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE